# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 2: 12-cr-00183 |
| v. ) | 2: 14-cv- 1722 |
| ) | |
| ANTOINE CORTEZ DUTRIEVILLE ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 56), with brief in support, filed by Antoine Cortez-Dutrieville.[1] The government has filed a response in opposition (ECF No. 64) and the motion is ripe for disposition.

Factual and Procedural Background

On June 8, 2012 a parcel which contained heroin was interdicted by United States Customs and Border Patrol officers at JFK Airport. The handwritten address and the electronic address for the parcel were different. In the event of such a conflict, UPS is required to deliver the parcel to the electronic address. Agents repackaged the heroin in a UPS Express Box, placed a "beeper" inside, and re-labeled the box for shipment to 59 Millview Drive (i.e., to match the electronic address). That address is the home of Portia Newell, the mother of Dutrieville's child.

On June 12, 2021, United States Magistrate Judge Lisa Lenihan issued an anticipatory search warrant, to be triggered if the parcel was accepted and taken into the premises. On June 13, 2012, agents arranged for a controlled delivery of the parcel to the 59 Millview Drive

---
[1] Also pending is Dutrieville's motion to reduce sentence (ECF No. 62), which will be addressed in a separate Order.

1

address. Dutrieville answered the door, took custody of the parcel and carried it into the house. Two minutes later, the beeper inside the parcel activated, signifying that it had been opened. The agents approached the house. After nobody responded to their "knock and announce," agents entered the home and took Dutrieville into custody at the top of the stairs. He was the only person in the home. The agents then conducted a search pursuant to the warrant and discovered, inter alia: (1) the contents of the parcel (including heroin) in a rear bedroom covered by a blanket; (2) the packaging and beeper in the master bedroom, next to Dutrieville's cell phone (the memory on which had been erased); (3) an overnight bag which contained Dutrieville's clothing, personal effects and 45 unused heroin stamp bags; and (4) digital scales and other drug paraphernalia. A federal grand jury issued an indictment which charged Dutrieville with attempt to possess with intent to distribute 100 grams or more of heroin on June 13, 2012, in violation of 21 U.S.C. § 846.

Dutrieville's attorney, Assistant Federal Public Defender Marketa Sims, filed a motion to suppress the evidence seized pursuant to the warrant. After extensive briefing and an evidentiary hearing/oral argument, the Court issued a Memorandum Opinion which denied Defendant's motion for lack of standing. As the Court explained, Dutrieville was legally barred from being present in Newell's home by the express terms of a Final Protection From Abuse Order ("PFA") and therefore had no right to challenge the search.

On April 11, 2013, pursuant to a written plea agreement, Dutrieville pled guilty to Count 1 of the Indictment and was sentenced the same day to an agreed-upon term of imprisonment. Significantly, the plea agreement was conditioned on Dutrieville's right to pursue a direct appeal of the denial of his suppression motion. Also of significance, Dutrieville likely would have been classified as a Career Offender such that his Advisory Guideline range would have been 188-235

months of imprisonment. Pursuant to the plea agreement, Dutrieville was actually sentenced to a term of 84 months.

The Court conducted an extensive colloquy to determine that Dutrieville's plea was knowing, free and voluntary and that he agreed to be sentenced in accordance with the stipulated penalties set forth in the plea agreement. In the colloquy, the Court also confirmed that Dutrieville had knowingly and voluntarily waived his right to file a direct appeal (except for certain specified exceptions); and had knowingly and voluntarily waived his right to file a collateral appeal pursuant to 28 U.S.C. § 2255. Transcript at 18-19; *See also* Plea Agreement ¶ A(8). As part of the colloquy, the Court asked Dutrieville whether he was "in any way dissatisfied" with the advice and representation which Ms. Sims had provided to him. Dutrieville answered "No." Transcript at 37.

Dutrieville, through counsel, did pursue his appeal regarding the denial of his motion to suppress evidence. On February 26, 2014, in a precedential opinion, the United States Court of Appeals for the Third Circuit rejected Dutrieville's arguments and affirmed the decision of this Court that Dutrieville lacked standing to challenge the search. Dutrieville did not seek a writ of certiorari to the United States Supreme Court.

The pending § 2255 petition was filed by Dutrieville on December 22, 2014. At the request of the government, the Court issued a notice to Dutrieville pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), to warn Dutrieville that he may lose the ability to file subsequent collateral attacks. The Court gave him the option to file an all-inclusive § 2255 petition and explained that if Dutrieville did not elect a different option by March 2, 2015 the Court would rule on the petition as originally filed. Dutrieville did not elect a different option; the government filed its response; and the petition as originally filed is now ripe for disposition.

Legal Analysis

As set forth in his § 2255 petition, Dutrieville seeks relief from his conviction and sentence on the alleged grounds of: (1) ineffective assistance of counsel for failing to file a motion for a speedy trial, a motion to challenge the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B), and a motion for a bill of particulars; (2) the conviction was obtained by use of evidence obtained by an illegal search and seizure; and (3) the government failed to disclose evidence favorable to the Defendant. In his supporting brief, Dutrieville characterizes the issues somewhat differently, as follows: (I) "Whether the affiant acknowledged Discretion of abuse, Discretion of process and used derivative entrapment, sentencing entrapment to gain derivative evidence, and exculpatory evidence that was made inadmissible with reckless disregard"; and (II) "Whether the magisterial judge was given probability for an Anticipatory search warrant, and was it a violation of the defendant's IV Constitutional Amendment rights." The main focus of Dutrieville's argument is that because agents placed a different address on the parcel, the resulting search and seizure was illegal. However, in a section entitled "Actual Innocence," Dutrieville also contends that his attorney failed to conduct an adequate investigation.

In opposing Dutrieville's motion, the government asserts that the "collateral waiver" provision of the plea agreement is valid and enforceable. The government contends that Dutrieville knowingly and voluntarily waived his right to file a § 2255 motion, as demonstrated by the Transcript of the plea and sentencing colloquy. The government contends that this waiver should be enforced, and Dutrieville's motion should be summarily denied without consideration of the merits. In the alternative, the government contends that Dutrieville's claims are without merit because his attorney was not ineffective; Ms. Sims' actions did not result in any prejudice to him; and he had a full opportunity to challenge the search and seizure in his direct appeal. The

government represents that it did not fail to disclose exculpatory evidence and asks the Court to deny Dutrieville's vague and conclusory allegation to the contrary.

A. Validity of Waiver

The Court carefully questioned Dutrieville in open court regarding his knowledge of the case and his willingness to plead guilty and serve the stipulated sentence. In particular, the Transcript reflects that Ms. Sims had thoroughly discussed the proposed terms of the plea and sentence agreement with Dutrieville, such that it was abundantly clear that Dutrieville had received effective assistance of counsel during the plea bargaining process. Of note, Ms. Sims was able to successfully preserve Dutrieville's ability to file an appeal to challenge this Court's denial of his suppression motion. Dutrieville represented to the Court that he entered into the plea agreement and stipulated sentence knowingly and voluntarily.

The Court also specifically questioned Dutrieville regarding his intent to waive his right to file a collateral attack on his plea and sentence pursuant to § 2255 – the very motion that is now pending. The Court exercised substantial care to ensure that Dutrieville understood his rights, in part because the plea and sentencing proceedings were to be combined and the Court would be required to accept the stipulated sentence as negotiated by the parties. Dutrieville affirmed that he understood his rights and agreed to waive them. As reflected in the Transcript of the proceedings, the Court was satisfied and convinced that Dutrieville knowingly and voluntarily agreed to plead guilty, to be sentenced as set forth in the written plea agreement, and to waive any collateral attack on that sentence. Under the facts and circumstances of this case, Dutrieville's waiver is enforceable and does not result in a miscarriage of justice. *See United States v. Jackson,* 523 F.3d 234 (3d Cir. 2008); *United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007); *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001). Thus, his § 2255 petition must be

dismissed.

   B. Substantive Arguments

The Court need not reach Dutrieville's other arguments. Nevertheless, the Court has considered said arguments and finds that they are without merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court explained that petitioners alleging ineffective assistance of counsel must establish both: (1) that counsel's performance was deficient; and (2) that there was actual prejudice. The Court has re-reviewed the record in this case, including the plea agreement and the Transcript of the plea/sentencing hearing, and it is convinced that Dutrieville received professional and effective legal representation. The Court appreciates that Dutrieville may have frustration with the severity of the sentences imposed pursuant to federal law governing drug crimes. The fact remains, however, that he received an agreed-upon sentence (84 months) far below the applicable advisory guideline range of 188-235 months. Defense counsel thoroughly challenged the search warrant (including the address change performed by the agents), both in writing (ECF Nos. 22, 28) and during a suppression hearing/argument. Counsel's alleged failure to demand a speedy trial, to file a Rule 12(b)(3)(B) motion, and to seek a bill of particulars did not cause any prejudice. The Court ultimately controls the schedule. It took a reasonable time to thoroughly investigate, analyze, and decide the motion to suppress evidence that was filed on behalf of Defendant. The indictment was not defective pursuant to Fed. R. Crim. P. 12(b)(3)(B) and Dutrieville had sufficient information about the charge against him such that a bill of particulars was not warranted pursuant to Fed. R. Crim P. 7(f).

Dutrieville's attempt to challenge the search warrant (yet again) in the pending § 2255 petition is entirely improper. Dutrieville had a full and fair opportunity to litigate this issue in his

6

direct appeal. In fact, Dutrieville did challenge the search and seizure and the United States Court of Appeals for the Third Circuit rejected his arguments in a published, precedential opinion. This Court is bound by the decision of the Third Circuit Court of Appeals.

Finally, the Court will not give credence to Defendant's bald, unsupported accusation that the government failed to disclose exculpatory evidence. The government has denied the accusation, and Dutrieville has provided no facts in furtherance of his charge. To the extent that Dutrieville is attempting to collaterally attack the address change made by agents on the package, that argument is not meritorious for the reasons set forth above. In addition, the Court notes that the address change was disclosed in the search warrant affidavit.

In conclusion, Dutrieville knowingly and voluntarily waived his right to file a § 2255 motion and that waiver is enforceable under the facts and circumstances of this case. In any event, Dutrieville entered an informed, knowing and voluntary plea of guilty; was sentenced as stipulated in a written plea agreement; and has not established any grounds to vacate, set aside or correct his sentence. Counsel was not ineffective and Dutrieville's constitutional rights were fully protected. There is no need for an evidentiary hearing. A certificate of appealability will not issue.

In accordance with the foregoing, the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 56), will be **DENIED**. A certificate of appealability will not be issued pursuant to 28 U.S.C. § 2253.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | **2: 12-cr-00183** |
| v.  ) | **2: 14-cv- 1722** |
| ) | |
| **ANTOINE CORTEZ DUTRIEVILLE** ) | |

## ORDER OF COURT

AND NOW this 8th day of May, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 56) is **DENIED**. Civil Action No. 14-1722 shall be docketed as closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc:     Katherine A. King, AUSA

Antoine Cortez-Dutrieville
FCI-Cumberland, #33620-068
P.O. Box 1000
Cumberland, MD 21501
 (By First Class Mail)